******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

McDONALD, J., concurring. I join the majority opinion and agree that, for the purpose of the *Lenarz* hearing; see *State* v. *Lenarz*, 301 Conn. 417, 22 A.3d 536 (2011), cert. denied, 565 U.S. 1156, 132 S. Ct. 1095, 181 L. Ed. 2d 977 (2012); the trial court's determination that the defendant, Linda Kosuda-Bigazzi, failed to establish that the documents in exhibits A and C were protected by the attorney-client privilege was not clearly erroneous. I write separately to emphasize the unique factual circumstances of this case and that the trial court's determination was for a specific and limited purpose—to determine whether the criminal charges against the defendant should be dismissed. I do not read the majority opinion as addressing whether the defendant could reassert the attorney-client privilege if circumstances change at trial and the state seeks to affirmatively use this evidence against the defendant.

With respect to part II A of the majority opinion, this case presents a unique factual record that is unlikely to reoccur. Specifically, the documents that the defendant claims are privileged were located within three files, exhibits A, B, and C, in a locked filing cabinet. During the *Lenarz* hearing, the parties stipulated that all the documents contained in exhibit B, a file labeled "CRIMINAL DEFENSE ATTORNEY Oct 2017," were covered by the attorney-client privilege. The defendant contends that the privilege also covers the other two files that were seized by the police, exhibits A and C. The defendant asserts, among other things, that the documents contained in exhibit A, a file labeled "INCIDENT 2017," are privileged because they are substantively identical to some of the documents contained in exhibit B, which the state stipulated are privileged. Because the defendant did not establish that the documents in exhibit A are "communications" or that she created them with the intent to communicate them to an attorney for the purpose of seeking legal advice, I agree with the majority that the trial court's conclusion that the defendant failed to meet her burden of establishing that those documents are privileged was not clearly erroneous. This determination, however, is based on the record solely as it was developed at the *Lenarz* hearing and does not necessarily preclude the defendant from reasserting the privilege at trial if the state seeks to affirmatively use this evidence against the defendant. That would present a different evidentiary issue. Cf. *State* v. *Casanova*, 255 Conn. 581, 594, 767 A.2d 1189 (2001) ("[the law of the case] doctrine is inapplicable here because the issue raised by the pretrial motion to dismiss was different from the evidentiary issue subsequently presented to the trial court"). The trial court's privilege determination was made in the context of determining whether the charges against the defendant should be

dismissed in accordance with our decision in *State* v. *Lenarz*, supra, 301 Conn. 425–26, not whether the documents would be admissible at trial.

Accordingly, I concur in the majority opinion.